UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
                                      :
In the Matter of                      :
                                      :
Israel A. Burns,                      :         M-2-238
                                      :         ORDER
                 Respondent.          :
---------------------------------------------------X

**BEFORE THE COMMITTEE ON GRIEVANCES OF THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK[1]**

By Order dated July 12, 2017, of the New York Supreme Court, Appellate

Division, Second Judicial Department (copy here attached), the respondent

Israel A. Burns, a member of the bar of this Court, was stricken from the roll of

practicing attorneys in the State of New York, effective immediately.  On

February 7, 2019, the respondent submitted to this Court a request for

resignation from the bar of the Southern District of New York.  Accordingly,

pursuant to S.D.N.Y. Local Civil Rule 1.5(d)(1), it is hereby ordered that

Israel Adam Burns be stricken from the roll of practicing attorneys of this

Court, effective immediately, and lasting until the respondent provides written

proof of his reinstatement to the bar of the State of New York, and until further

order of this Court.  A courtesy copy of any submission must be mailed directly

to the Honorable Katherine Polk Failla, Chair of the Committee on Grievances,

---
[1] The members of the Committee are District Judge Katherine Polk Failla, Chair; Chief Judge
Colleen McMahon; District Judges Andrew L. Carter, Jr.; Alison J. Nathan; Louis L. Stanton,
and Magistrate Judges Stewart D. Aaron, James L. Cott and Judith C. McCarthy.

and emailed to Julie Allsman, Counsel to the Committee on Grievances, at

julie_allsman@nysd.uscourts.gov.

Dated:     April 1, 2019
           New York, New York

SO ORDERED.

KATHERINE POLK FAILLA
Chair, Committee on Grievances S.D.N.Y.

2

Supreme Court of the State of New York
Appellate Division: Second Judicial Department

D52833
G/afa

_____AD3d_____

RANDALL T. ENG, P.J.
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN
FRANCESCA E. CONNOLLY, JJ.

2017-04689                                          OPINION & ORDER

In the Matter of Israel A. Burns, admitted
as Israel Adam Burns, an attorney
and counselor-at-law, respondent.

(Attorney Registration No. 5050414)

APPLICATION pursuant to 22 NYCRR 1240.10 by Israel A. Burns, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on August 15, 2012, under the name Israel Adam Burns, to resign as an attorney and counselor-at-law.

Diana Maxfield Kearse, Brooklyn, NY (David W. Chandler of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.

Kenneth E. Belkin, New York, NY, for respondent.

PER CURIAM.            The respondent, Israel A. Burns, admitted as Israel Adam Burns, has submitted an affidavit sworn to on April 17, 2017, in support of his application to resign as an attorney and counselor-at-law (*see* 22 NYCRR 1240.10).

The respondent acknowledges in his affidavit that he is the subject of an investigation by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts involving

July 12, 2017                                        Page 1.
MATTER OF BURNS, ISRAEL A.

allegations that he neglected legal matters for several clients, and that he failed to fully account for monies entrusted to him in relation to some of those legal matters. The respondent avers that he cannot successfully defend himself against the allegations based upon the facts and circumstances of his professional conduct. The respondent further acknowledges that his resignation is freely and voluntarily tendered; that he is not being subjected to coercion or duress by anyone; and that he is fully aware of the implications of submitting his resignation, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.

As to the issue of restitution, the respondent consents to the entry of an order by this Court, pursuant to Judiciary Law § 90(6-a), directing that he make monetary restitution, as follows:

> Carol Atkinson and Elease Ebanks in the sum of $159,562.50,
> Wendy Thomas in the sum of $12,337.01,
> Nicole Hill in the sum of $17,581.82,
> Marcia Jackson in the sum of $4,000,
> Michelle Miller in the sum of $4,000,
> Desmond Richards in the sum of $4,000.

The respondent also acknowledges that the resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and that he consents to the Court's continuing jurisdiction to make such an order.

The respondent also acknowledges and agrees that pending the issuance of this opinion and order accepting his resignation, he would not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.

Lastly, the respondent acknowledges that in the event the Court accepts his resignation, the opinion and order resulting therefrom and the records and documents filed in relation to the aforementioned charges and allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).

The Grievance Committee recommends that the respondent's application to resign be granted.

Inasmuch as the respondent's application to resign complies with the requirements

July 12, 2017                                                                                      Page 2.

MATTER OF BURNS, ISRAEL A.

of 22 NYCRR 1240.10, the application is granted and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., RIVERA, DILLON, BALKIN and CONNOLLY, JJ., concur.

ORDERED that the application of Israel A. Burns, admitted as Israel Adam Burns, to resign as an attorney and counselor-at-law is granted; and it is further,

ORDERED that pursuant to Judiciary Law § 90, effective immediately, Israel A. Burns, admitted as Israel Adam Burns is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

ORDERED that Israel A. Burns, admitted as Israel Adam Burns, shall comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

ORDERED that pursuant to Judiciary Law § 90, effective immediately, Israel A. Burns, admitted as Israel Adam Burns, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

ORDERED that pursuant to Judiciary Law § 90(6-a)(a), the respondent, Israel A. Burns, admitted as Israel Adam Burns, shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to Carol Atkinson and Elease Ebanks, Wendy Thomas, Nicole Hill, Marcia Jackson, Michelle Miller, and/or Desmond Richards; and it is further,

ORDERED that in the event that no awards have been made by the Lawyers' Fund for Client Protection of the State of New York to Carol Atkinson and Elease Ebanks, Wendy Thomas, Nicole Hill, Marcia Jackson, Michelle Miller, and/or Desmond Richards, the respondent, Israel A. Burns, admitted as Israel Adam Burns, shall make monetary restitution to Carol Atkinson and Elease Ebanks in the sum of $159,562.50, to Wendy Thomas in the sum of $12,337.01, to Nicole Hill in the sum of $17,581.82, to Marcia Jackson in the sum of $4,000, to Michelle Miller in the sum of $4,000, and to Desmond Richards in the sum of $4,000, pursuant to Judiciary Law § 90(6-a); and it is further,

ORDERED that in the event that partial awards have been made by the Lawyers' Fund for Client Protection of the State of New York to Carol Atkinson and Elease Ebanks, Wendy Thomas, Nicole Hill, Marcia Jackson, Michelle Miller, and/or Desmond Richards, the respondent, Israel A. Burns, admitted as Israel Adam Burns, shall make partial monetary restitution to those individuals to the extent that they have not been fully reimbursed, pursuant to Judiciary Law § 90(6-a); and it is further,

July 12, 2017                                                                                                      Page 3.

MATTER OF BURNS, ISRAEL A.

ORDERED that pursuant to Judiciary Law § 90(6-a)(d), this order may be entered as a civil judgment, and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by the party to whom payments are due hereunder in the amount set forth herein, minus any amount reimbursed by the Lawyers' Fund for Client Protection or by the Lawyers' Fund for Client Protection when it has been subrogated to the rights of such party; and it is further,

ORDERED that if Israel A. Burns, admitted as Israel Adam Burns, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).

ENTER:

Aprilanne Agostino
Clerk of the Court

July 12, 2017                                                                                              Page 4.

MATTER OF BURNS, ISRAEL A.